COUNTY OF NASSAU, Appellant, v. TOWN OF HEMPSTEAD et al., Respondents.

Third Department, July 15, 1968.

*Morris H. Schneider, County Attorney* (*Seymour S. Ross* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Edwin R. Oberwager* and *Ruth Kessler Toch* of counsel), for State of New York and another, respondents.

*Howard E. Levitt, Town Attorney* (*George W. Marthen* of counsel), for Town of Hempstead, respondent.

*Arthur W. Block, Town Attorney* (*Francis F. Doran* of counsel), for Town of North Hempstead, respondent.

*Bernard F. McCaffrey* for Town of Oyster Bay, respondent.

*Arthur Goldstein* for Town of Huntington, *amicus curiæ.*

Gibson, P. J. Appeal is taken by plaintiff Nassau County from so much of an order and judgment of the Supreme Court as granted defendants' cross motion for summary judgment dismissing the complaint, and awarded judgment and costs accordingly, in a declaratory judgment action seeking, among other things, a declaration of the rights of the parties to fines and forfeitures imposed and collected by the District Court in Nassau County for violations of certain traffic ordinances enacted by the defendant Towns of Hempstead, North Hempstead and Oyster Bay in Nassau County.

The specific issue is whether traffic fines and forfeitures imposed by the District Court for violations of speed limit ordinances of these three suburban towns and paid over to the Comptroller of the State of New York (1) must be distributed to Nassau County pursuant to section 2408-a of the Nassau County Government Law (L. 1936, ch. 879, as amd. by L. 1963, ch. 568, § 15), as contended by appellant, or (2) must be distributed to the three suburban towns pursuant to subparagraph (1) of paragraph a of subdivision 1 of section 1803 of the Vehicle and Traffic Law, as contended by the respondent towns and the Comptroller and as held by Special Term.

Section 2408-a of the Nassau County Government Law (L. 1963, ch. 568[1]), so far as here pertinent, provides that fines collected by " any judge of a court of special sessions or magistrate's court shall be paid over to the county treasurer and be credited by him to the general county fund, except as follows: * * * 4. Fines and penalties, which by general state laws, but for this section, would be required to be paid to a town or any officer of a town, shall be paid instead to the county treasurer and credited to the general fund for the use of such county. "

The Vehicle and Traffic Law (§ 1803, subd. 1, par. a, subpar. [1]), so far as here pertinent, provides, with respect to fines collected on account of violations of that act, that there shall be distributed " to a city, town or suburban town " fines collected on account of " violations which occur in such city, town

---

1 Chapter 568 conformed to the Uniform District Court Act (enacted by L. 1963, chs. 564-570) the then existing provisions of the Nassau County District Court Act.

or suburban town ", including violations of local acts, adopted pursuant to section 1662-a of the Vehicle and Traffic Law establishing speed limits in suburban towns. (See, also, subd. 1, par. e; and subd. 5.)

Subdivision 5 of section 1803 provides, among other things, that fines for violations involving speed limits established by a suburban town pursuant to section 1662-a " shall be paid over to the state comptroller by the court, justice or other officer collecting the same " and that when such moneys shall in any year aggregate an amount in excess of $2 for each inhabitant of the suburban town, the excess shall belong to the State.

The provisions of section 1803 of the Vehicle and Traffic Law, in appellant's view, constitute the " general state laws ", within the contemplation of subdivision 4 of section 2408-a of the Nassau County Government Law, which require that the fines " be paid  *  *  *  to the county treasurer ", pursuant to that subdivision.

Appellant urges, in addition, the considerations that, contrary to the procedure in most other counties, the suburban towns in Nassau County do not provide the local courts in which the traffic ordinances are enforced, that function being performed by the District Court of the county (Nassau County Government Law, § 2402), and that, similarly, the police services necessary to enforcement are performed by the Nassau County Police Department (§ 802).

In a formal opinion, the Attorney-General has held that distribution is to be made to the towns because, in his view, subdivision 5 of section 1803 is to be " regarded as a special law and not a general law " and hence as controlling. (1967 Atty. Gen. 16, 17.) Special Term, however, correctly held that the section " including all its subdivisions is a general statute. " Section 1803 applies to every city, town, suburban town and county and to the State (subd. 1, pars. a, b, c, d and e) and is a law of general application throughout the State, applying to all such municipal bodies wherever located. (See McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 32.) Respondents seem not to rely on the Attorney-General's opinion and we do not find it persuasive. Although declining to follow this opinion, Special Term arrived at the same result and concluded that the county was not entitled because the reference in subdivision 4 of section 2408-a of its charter to " a town ", whose fines should be paid to the County Treasurer, was not intended to include a " suburban town "; this because suburban towns were created in 1962 (L. 1962, ch. 1009) and in certain statutes thereafter enacted were referred to as such by the Legislature. We

reach the contrary conclusion, finding no sound basis for so narrow a view and considering that the generic " town ", in context and of necessity, includes every " suburban town ". The latest re-enactment of subdivision 4 was in the identical form of the repealed section, and occurred in 1963[2] at a time when the towns in Nassau County had not yet assumed the status of suburban towns. Although such a classification was authorized in 1962, the application of the Suburban Town Law was postponed until January 1, 1964 and no town could adopt that statute until that date (L. 1962, ch. 1010; Governor's Message, N. Y. Legis. Annual, 1962, p. 401). Thus, at the time subdivision 4 was adopted, no town was yet a suburban town or could be such until January 1, 1964. In fact, the towns named as defendants did not adopt suburban town status until January 1, 1966. Indeed, " town " would by definition seem to include a suburban town. (See Town Law, § 2.) Further, subdivision 4, of course, became part of the County Government Law of Nassau County and insofar as Nassau County is concerned is meaningless if " town " does not include " suburban town ", all three towns in Nassau County being suburban towns. Finally, it may be noted that subdivision 4 has existed in its present form since 1941 (L. 1941, ch. 824); it is abundantly clear (as materials in the Governor's bill jacket applicable to that chapter also indicate) that it was intended that fines and penalties should become the property of the county because the county absorbed, as it does now, the costs of the court system and of police enforcement; no real basis has been advanced to account for a supposed subsequent change in the legislative intent; and there remains no demonstrable reason for altering the destination of these funds in the face of a rather clear statute which has not been repealed and which says that regardless of general laws, these moneys in this county will be paid to the county and not the towns.

The remaining contentions advanced by respondents in support of affirmance are insubstantial and are not such as to require discussion.

It follows that Special Term erred in denying plaintiff's application for a preliminary injunction; but the granting of such relief can best be handled at Special Term which may also consider whether plaintiff is entitled to summary judgment (CPLR 3212, subd. [b]).

The order and judgment, insofar as appealed from, should be reversed, on the law and the facts, and the matter remitted

---

2 L. 1963, ch. 568, § 15. As to effect, see McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 373; General Construction Law, § 95.

to Special Term for further proceedings not inconsistent with this opinion, with one bill of costs to appellant.

HERLIHY, REYNOLDS, AULISI and STALEY, JR., JJ., concur.

Order and judgment, insofar as appealed from, reversed, on the law and the facts, and matter remitted to Special Term for further proceedings not inconsistent with the opinion herein, with one bill of costs to appellant.